IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROLAND F. KUSI, § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-25-CV-527-KC |
| § § | |
| KRISTI NOEM et al., § § | |
| Respondents. § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Roland F. Kusi's Verified Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Protective Order ("Motion"), ECF No. 2. For the following reasons, Respondents are ordered to **SHOW CAUSE**, and the Motion is **GRANTED**.

**I.    BACKGROUND**

Kusi is a citizen of Cameroon who entered the United States without inspection on November 1, 2022. Pet. ¶¶ 2, 63; *id.* Ex. A ("Notice to Appear"). His removal proceedings, related to his timely filed asylum claim, are currently on appeal to the Board of Immigration Appeals ("BIA"). Pet. ¶ 7. During the pendency of his removal proceedings, Kusi has not previously been detained. *See id.* ¶ 9.

At some point after he entered the United States, Kusi met Ambei Mbah, a United States citizen, and the two were married on October 26, 2024. *Id.* ¶¶ 2, 64, *id.* Ex. B ("Marriage Certificate"). His wife is enlisted in the U.S. Army National Guard. Pet. ¶¶ 2, 64; *id.* Ex. C ("Enlistment Document"). She filed an I-130 petition on behalf of Kusi with Untied States Citizenship and Immigration Services ("USCIS"). Pet. ¶¶ 3, 65. USCIS scheduled the I-130

interview for September 26, 2025, in Chicago, Illinois. *Id.* ¶¶ 4, 66; *id.* Ex. D ("I-130 Appointment Notice"). And on this date, USCIS approved the I-130 petition. Pet. ¶¶ 5, 67; *id.* Ex. E ("I-130 Approval Notice"). However, immediately after approval, Immigration and Customs Enforcement ("ICE") officers arrested and detained Kusi. Pet. ¶¶ 5, 68. Kusi was then transported to El Paso, Texas, where he is currently detained at the Camp East Montana facility in Fort Bliss, El Paso, Texas. *Id.* ¶¶ 6, 68.

Kusi requested a bond hearing, but the Immigration Judge ("IJ") denied his request, stating that he did not have jurisdiction pursuant to the BIA decision in *Matter of Yajure Hurtado*. *Id.* ¶¶ 7, 69–70; *id.* Ex. F ("IJ Order"). Kusi has appealed this denial to the BIA. Pet. ¶¶ 6, 71; *id.* Ex. G ("Appeal Filing Receipt"). Kusi's continued detention prevents him from completing the steps necessary to finalize his adjustment to lawful permanent resident status. Pet. ¶ 10.

On November 6, 2025, Kusi filed a Petition for a Writ of Habeas Corpus, asking the Court to order a bond hearing before an IJ. *Id.* at 30.

## II.  DISCUSSION

### A.  Show Cause

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Kusi the relief he seeks. Respondents are ordered to show cause by November 21, 2025.

B.   **Removal from the Country and District**

Kusi also asks the Court to "enter an Order preventing Respondents from removing the Petitioner from the Western District of Texas pending adjudication of Petitioner's Writ of Habeas Corpus." Mot. 1. He "seeks to preserve the status quo and the Court's ability to fully address this case on the merits." *Id.* ¶ 2. Kusi "does not seek a Temporary Restraining Order but

3

instead a Protective Order under the Court's inherent power to preserve [] its ability to hear the case." *Id.* ¶ 3. Since his arrest in Illinois, Kusi has been moved to El Paso, Texas. Pet. ¶ 6.

The Court can prevent Respondents from moving Kusi again, in the interest of preserving the status quo and the Court's ability to fully assess this case on the merits. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). Many courts, including this one, have prevented immigration habeas petitioners' removal from the country or transfer from the forum jurisdiction, until the petition can be fully considered. *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). To ensure the Court's ability to meaningfully address Kusi's claim, the Court finds it necessary to do the same here. This Order is not issued as a temporary restraining order ("TRO") but instead under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). Accordingly, Respondents may not transfer Kusi out of the El Paso Division of the Western District of Texas or remove him from the country during the pendency of this case.

Again, this Order is issued under the Court's inherent authority to preserve and assess its own jurisdiction, not as a TRO, but to the extent a bond may be required, it is waived. *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than November 21, 2025**</u>, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that Kusi's Motion, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Kusi from the United States, or (2) transfer Kusi to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 7th day of November, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE